# EXHIBIT 1

In the Superior Court of the State of Arizona
In and For the County of _Maricopa_

# CV2016-016686

**CIVIL COVER SHEET - NEW FILING ONLY**
(Please Type or Print)

MICHAEL K. JEANES, CLERK
BY _N. Cotton_ DEP

Is Interpreter Needed?  ☐ Yes  ☑ No
If yes, what language: _____

N. COTTON FILED

16 NOV -2  PM 3: 01

Plaintiff's Attorney  _Elizabeth A. Faulkner_

Attorney Bar Number  _013212_

| Plaintiff's Name(s): (List all) | Plaintiff's Address: | Phone #: | Email Address: |
|---|---|---|---|
| Treni Eliason | c/o Faulkner Law Offices, PLLC | (480) 951-1110 | elizabeth@faulknerlaw.net |
| | 8687 E. Via de Ventura, Ste 306 | | |
| | Scottsdale, AZ 85258 | | |

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)    ALL MY SONS MOVING & STORAGE OF PHOENIX, INC., an Arizona Corporation

(List additional defendants on page two and/or attach a separate sheet)

EMERGENCY ORDER SOUGHT:  ☐ Temporary Restraining Order  ☐ Provisional Remedy  ☐ OSC

☐ Election Challenge  ☐ Employer Sanction  ☐ Other _____
(Specify)

☐ RULE 8(i) COMPLEX LITIGATION APPLIES. Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties.

(Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category.)

☐ THIS CASE IS ELIGIBLE FOR THE COMMERCIAL COURT UNDER EXPERIMENTAL RULE 8.1. (Maricopa County only.) Rule 8.1 defines a commercial case and establishes eligibility criteria for the commercial court. Generally, a commercial case primarily involves issues arising from a business contract or business transaction. However, consumer transactions are not eligible. A consumer transaction is one that is primarily for personal, family or household purposes. **Please review Rule 8.1 for a complete list of the criteria**. See http://www.superiorcourt.maricopa.gov/commercial-court/. You must check this box if this is an eligible commercial case. **In addition, mark the appropriate box below in the "Nature of Action" case category**. The words "commercial court assignment requested" must appear in the caption of the original complaint.

## NATURE OF ACTION

(Place an **"X"** next to the **one** case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**

☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death

**110 TORT NON-MOTOR VEHICLE:**

☐ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability – Toxic/Other
☐ 113 Intentional Tort

☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation
☐ 116 Other (Specify) _____

**120 MEDICAL MALPRACTICE:**

☐ 121 Physician M.D.   ☐ 123 Hospital
☐ 122 Physician D.O   ☐ 124 Other

©Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CV10f – 010116

Case No._____

## 130 CONTRACTS:

- ☐ 131 Account (Open or Stated)
- ☐ 132 Promissory Note
- ☐ 133 Foreclosure
- ☐ 138 Buyer-Plaintiff
- ☐ 139 Fraud
- ☐ 134 Other Contract (i.e. Breach of Contract)
- ☐ 135 Excess Proceeds-Sale
- ☐ Construction Defects (Residential/Commercial)
  - ☐ 136 Six to Nineteen Structures
  - ☐ 137 Twenty or More Structures

## 150-199 OTHER CIVIL CASE TYPES:

- ☐ 156 Eminent Domain/Condemnation
- ☐ 151 Eviction Actions (Forcible and Special Detainers)
- ☐ 152 Change of Name
- ☐ 153 Transcript of Judgment
- ☐ 154 Foreign Judgment
- ☐ 158 Quiet Title
- ☐ 160 Forfeiture
- ☐ 175 Election Challenge
- ☐ 179 NCC-Employer Sanction Action
  (A.R.S. §23-212)
- ☐ 180 Injunction against Workplace Harassment
- ☐ 181 Injunction against Harassment
- ☐ 182 Civil Penalty
- ☐ 186 Water Rights (Not General Stream Adjudication)
- ☐ 187 Real Property
- ☐ Special Action against Lower Courts
  (See lower court appeal cover sheet in Maricopa)

- ☐ 194 Immigration Enforcement Challenge
  (§§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

- ☐ Administrative Review
  (See lower court appeal cover sheet in Maricopa)
- ☐ 150 Tax Appeal
  (All other tax matters must be filed in the AZ Tax Court)
- ☐ 155 Declaratory Judgment
- ☐ 157 Habeas Corpus
- ☐ 184 Landlord Tenant Dispute- Other
- ☐ 190 Declaration of Factual Innocence
  (A.R.S. §12-771)
- ☐ 191 Declaration of Factual Improper Party Status
- ☐ 193 Vulnerable Adult (A.R.S. §46-451)
- ☐ 165 Tribal Judgment
- ☐ 167 Structured Settlement (A.R.S. §12-2901)
- ☐ 169 Attorney Conservatorships (State Bar)
- ☐ 170 Unauthorized Practice of Law (State Bar)
- ☐ 171 Out-of-State Deposition for Foreign Jurisdiction
- ☐ 172 Secure Attendance of Prisoner
- ☐ 173 Assurance of Discontinuance
- ☐ 174 In-State Deposition for Foreign Jurisdiction
- ☐ 176 Eminent Domain– Light Rail Only
- ☐ 177 Interpleader– Automobile Only
- ☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
- ☐ 183 Employment Dispute- Discrimination
- ☒ 185 Employment Dispute-Other
- ☐ 195(a) Amendment of Marriage License
- ☐ 195(b) Amendment of Birth Certificate
- ☐ 163 Other _____
  (Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

- ☐ Antitrust/Trade Regulation
- ☐ Construction Defect with many parties or structures
- ☐ Mass Tort
- ☐ Securities Litigation with many parties
- ☐ Environmental Toxic Tort with many parties
- ☐ Class Action Claims
- ☐ Insurance Coverage Claims arising from the above-listed case types
- ☐ A Complex Case as defined by Rule 8(i) ARCP

**Additional Plaintiff(s)**

_____

_____

**Additional Defendant(s)**

_____

_____

©Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CV10f - 010116

# EXHIBIT 2

**FAULKNER LAW OFFICES, PLLC**
Elizabeth A. Faulkner
8687 East Via de Ventura, Suite 306
Scottsdale, Arizona 85258
Telephone: (480) 951-1110
Facsimile: (480) 951-1116
SBN 013212
E-mail: elizabeth@faulknerlaw.net
*Attorneys for Plaintiff*





NOV 0 2 2016

MICHAEL K. JEANES, CLERK
M. COTTON
DEPUTY CLERK

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

TRENI ELIASON, a married man,

      Plaintiff,

vs.

ALL MY SONS MOVING & STORAGE OF PHOENIX, INC., an Arizona Corporation,

      Defendant.

No. CV2016-016686

**CERTIFICATE OF COMPULSORY ARBITRATION**

Plaintiff, TRENI ELIASON, by and through undersigned counsel, hereby certifies that the largest award sought by the complainant, including punitive damages, but excluding interest, attorneys' fees, and costs **does not** exceed limits set by Local Rule for compulsory arbitration. This case **is** subject to the Uniform Rules of Procedure for Arbitration.

**RESPECTFULLY SUBMITTED** this __ day of October, 2016.

      **FAULKNER LAW OFFICES, PLLC**

      By:_____
          Elizabeth A. Faulkner
          Shirley A. Kaufman
          *Attorneys for Plaintiff*

-1-

# EXHIBIT 3

1

**FAULKNER LAW OFFICES, PLLC**
Elizabeth A. Faulkner

2

8687 East Via de Ventura, Suite 306
Scottsdale, Arizona 85258
Telephone: (480) 951-1110

3

Facsimile: (480) 951-1116
SBN 013212

4

E-mail: elizabeth@faulknerlaw.net
*Attorneys for Plaintiff*

ORIGINAL

5

6

7

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8

## IN AND FOR THE COUNTY OF MARICOPA

9

10

TRENI ELIASON, a married man,

No.   CV2016-016686

11

Plaintiff,

12

**SUMMONS**

vs.

13

14

ALL MY SONS MOVING & STORAGE
OF PHOENIX, INC., an Arizona

15

Corporation,

16

Defendant.

17

18

19

| WARNING: This is an official document from the court that affects your rights. Read this carefully. If you do not understand it, contact a lawyer for help. |
| --- |

20

**FROM THE STATE OF ARIZONA TO: ALL MY SONS MOVING & STORAGE OF PHOENIX, INC.**

21

22

1.   A lawsuit has been filed against you. A copy of the lawsuit and other court papers are served on you with this "Summons".

23

2.   If you do not want a judgment or order taken against you without your input, you must file an "Answer" or a "Response" in writing with the court, and pay the filing fee. If you do not file an "Answer" or "Response" the other party may be given the relief requested

24

in his/her Petition or Complaint.  To file your "Answer" or "Response" take, or send, the "Answer" or "Response" to the:

- Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-2205; OR

- Office of the Clerk of the Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032; OR

- Office of the Clerk of Superior Court,  222 East Javelina Drive, Mesa, Arizona 85210-6201; OR

- Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona, 85374.

Mail a copy of your "Response" or "Answer" to the other party at the address listed on the top of this Summons.

3.  If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served.   Service by a registered process server or the Sheriff is complete when made.  Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Plaintiff's attorney at the address at the top of the first page of this Summons, or from the Clerk of the Superior Court's Customer Service Center at 601 West Jackson, Phoenix, Arizona 85003 or at 222 East Javelina Drive, Mesa, Arizona 85210.

5.  Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least five (5) days before your scheduled court date.

NOV 0 2 2016

**SIGNED AND SEALED** this date        MICHAEL K. JEANES, CLERK

_____
MICHAEL JEANES, CLERK OF COURT

N. Cotton
Deputy Clerk

-2-

EXHIBIT 4

**FAULKNER LAW OFFICES, PLLC**
Elizabeth A. Faulkner
8687 East Via de Ventura, Suite 306
Scottsdale, Arizona 85258
Telephone: (480) 951-1110
Facsimile: (480) 951-1116
SBN 013212
E-mail: elizabeth@faulknerlaw.net
*Attorneys for Plaintiff*

COPY

NOV 0 2 2016

MICHAEL K. JEANES, CLERK
N. COTTON
DEPUTY CLERK

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

TRENI ELIASON, a married man,

          Plaintiff,

vs.

ALL MY SONS MOVING & STORAGE
OF PHOENIX, INC., an Arizona
Corporation,

          Defendant.

No.    CV2016-016686

**COMPLAINT**

**JURY DEMAND: Plaintiff demands
a trial by jury.**

Plaintiff, Treni Eliason, hereby alleges as follows:

    1.    Plaintiff, Treni Eliason, was at all times material hereto, a resident of Maricopa County, Arizona.

    2.    Defendant, All My Sons Moving & Storage of Phoenix, Inc. ("All My Sons" or "the Company"), is, and at all times material herein was, an Arizona corporation, authorized to do and doing business throughout Arizona.

    3.    Any and all acts alleged herein arose in Maricopa County, Arizona; venue and jurisdiction are appropriate.

-1-

4.      Plaintiff has been employed by the Company from 2014 through the present as a manual labor employee. As a manual laborer, Plaintiff is responsible for providing packing and moving household belongings of customers of the Company as dictated by the Company, paid on an hourly rate.

5.      In exchange for his employment services, the Company promised and agreed to pay Plaintiff on an hourly basis and initially set the rate at $11, which after a few months increased to $12; approximately a year later the hourly rate increased to $13; and approximately a year after that and, in or about August 2016 it increased to $14.

6.      Throughout his employment at the Company, the Company as a matter of consistent practice paid Plaintiff nothing at all for numerous hours he was required to work. The Company required Plaintiff as part of his job duties each work day to first report to the Company office to prepare the truck and complete required paperwork before driving the Company truck to the client's location.  The Company required that Plaintiff call in once he arrived at the customer's location and only then did the Company consider this "work time" for purposes of compensation. Similarly, after finishing the manual work at the customer's location and completing the requisite paperwork there, the Company required Plaintiff to call in, at which time the Company took Plaintiff "off the clock" for purposes of compensation despite the fact that Plaintiff was still at the customer's location and was required to drive the Company's moving vehicle back to the Company office, clean up that vehicle and perform other mandatory work tasks including administrative work such as logging out of the computer.  These end of the day unpaid duties often took an additional 60 to 90 minutes.  In combination, the pre- and post-move mandated duties averaged three

1   hours each day, for which the Company failed to pay Plaintiff even a penny.  Plaintiff owes

2   Defendant his hourly rate for each unpaid hour worked.

3         7.    Throughout his employment, Plaintiff typically worked 15 hours, or more, a

4   week performing required duties with Defendant's knowledge, approval, and at Defendant's

5   demand, without any compensation at all.

6         8.    The Company at all times controlled scheduling for Plaintiff.

7         9.    Plaintiff demands a jury trial.

8

9                           **COUNT ONE**
                   **UNPAID WAGES, A.R.S. 23-353**

10         10.    Plaintiff hereby incorporates by reference the allegations contained in

11   paragraphs 1 through 9 above, as though each of said allegations were fully set forth herein.

12         11.    At all relevant times, Plaintiff was an employee performing services under the

13

14   Arizona Wage Act, A.R.S. § 23-350, *et seq.*

15         12.    At all relevant times, Defendant was an employer employing Plaintiff under

16   the Arizona Wage Act, A.R.S. § 23-350, *et seq.*

17         13.    Plaintiff's earned wages but unpaid for all hours he worked without any

18   compensation qualify as wages under the Arizona Wage Act, A.R.S. § 23-350, *et seq.*

19         14.    Defendant violated A.R.S. §§ 23-352 and 23-353 by failing to timely pay

20   Plaintiff his earned overtime pay, and by failing to pay him any compensation for all hours

21   worked, including waiting time, driving time to and from customers locations and

22   performing other administrative tasks as set forth above.

23

24

15.   Plaintiff is entitled to treble damages under A.R.S. §23-355 in an amount in excess of $10,000.00, according to proof.

16.   Plaintiff is entitled to recover his attorneys' fees and costs incurred herein pursuant to statute as this action arises out of contract.  A.R.S. §23-341.01.

### COUNT TWO
### BREACH OF CONTRACT

17.   Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 16 above, as though each of said allegations were fully set forth herein.

18.   In exchange for his employment services, the Company promised to pay and Plaintiff agreed to accept his hourly rate for all employment services he performed and all hours he worked.

19.   Throughout his employment Plaintiff worked substantial hours each work week for which the Company failed to provide any compensation in breach of its agreement.

20.   As a result of the Company's breach of said agreement, Plaintiff has been damaged in an amount to be proven at trial.

21.   As this action arises out of contract, Plaintiff is entitled to recover his attorney's fees and costs incurred herein pursuant to statute.

### COUNT THREE
### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

22.   Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 20 above as though each of said allegations were fully set forth herein.

23.    The Parties' employment agreement includes an implied duty of good faith and fair dealing.

24.    Defendant breached its duty of good faith and fair dealing under the employment agreement by refusing to pay Plaintiff his earned wages for all hours he worked

25.    Defendant breached its duty of good faith and fair dealing under the employment agreement by intentionally failing to compensate Plaintiff as agreed.

26.    Defendant's conduct described above was wanton, reckless and/or shows spite or ill will and therefore justifies an award of punitive damages against Defendant.

27.    As a result of Defendant's breach of the duty of good faith and fair dealing, Plaintiff has suffered damages in an amount to be proven at trial.

28.    Plaintiff is entitled to recover his attorneys' fees and costs incurred herein pursuant to A.R.S. § 12-341.01.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court enter judgment for Plaintiff, Treni Eliason, against Defendant, All My Sons Moving & Storage of Phoenix, Inc., as follows:

A.    That this Court award Plaintiff damages for all hours worked over the course of his employment for which he was not compensated at all in breach of his employment agreement at his regular hourly rate;

B.    That this Court award Plaintiff treble damages under A.R.S. § 23-355 based on the judgment as set forth in paragraph A above;

C.    That this Court award Plaintiff his court costs, related expenses and reasonable attorneys' fees herein incurred, pursuant to the Arizona statute;

D.     That this Court award pre-judgment and post-judgment interest on the amounts set forth in paragraphs A, and B above, at the highest rate permitted by law;

E.     That this court award punitive damages in an amount to deter defendant from engaging in this conduct again; and

F.     That this Court grant such other and further relief as this Court may deem just and proper.

**RESPECTFULLY SUBMITTED** this __ day of October, 2016.

**FAULKNER LAW OFFICES, PLLC**

By:_____

Elizabeth A. Faulkner
Shirley A. Kaufman
*Attorneys for Plaintiff*

EXHIBIT 5

Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
T. Hays, Deputy
12/19/2016 2:35:00 PM
Filing ID 7961418

1   **FAULKNER LAW OFFICES, PLLC**
    Elizabeth A. Faulkner
2   8687 East Via de Ventura, Suite 306
    Scottsdale, Arizona 85258
3   Telephone: (480) 951-1110
    Facsimile: (480) 951-1116
4   SBN 013212
    E-mail: elizabeth@faulknerlaw.net
5   *Attorneys for Plaintiff*

6

7           **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8              **IN AND FOR THE COUNTY OF MARICOPA**

9   TRENI ELIASON, a married man,              Case No. CV2016-016686

10                                             **NOTICE OF LODGING ACCEPTANCE**
                  Plaintiff,                   **AND WAIVER OF SERVICE**
11

12  vs.

13
    ALL MY SONS MOVING &                       (Assigned to the Honorable Daniel Kiley)
14  STORAGE OF PHOENIX, INC., an
15  Arizona Corporation,

16                Defendant.

17

18          Plaintiff TRENI ELIASON, by and through undersigned counsel, hereby lodges the

19  Acceptance and Waiver of Service, signed by counsel for Defendant ALL MY SONS

20  MOVING & STORAGE OF PHOENIX, INC. and dated November 30, 2016.  The original

21  Acceptance and Waiver of Service is attached hereto as Exhibit A, incorporated by reference

    and filed with the Court.
22
            **RESPECTFULLY SUBMITTED** this 19th day of December, 2016.
23

24                                      **FAULKNER LAW OFFICES, PLLC**

25

26                                      By:   /s/ Elizabeth Faulkenr
                                              Elizabeth A. Faulkner
27                                            Shirley A. Kaufman
                                              *Attorneys for Plaintiff*
28

1   **ORIGINAL** of the foregoing **E-FILED**
2   this 19th day of December, 2016, with:

3   Clerk, Maricopa County Superior Court

4   **COPY** of the foregoing to be emailed
5   this 19th day of December, 2016, to:

6   The Honorable Daniel Kiley
7   c/o Maricopa County Superior Court

8   **COPY** of the foregoing to be emailed
    this 19th day of December, 2016, to:
9

10  Robert K. Jones, Esq.
    JACKSON LEWIS P.C.
11  2398 E. Camelback Road, Suite 1060
    Phoenix, Arizona 85016
12  jonesr@jacksonlewis.com
    *Attorneys for Defendant*
13

14
    By: /s/ Meg Lyman
15  Meg Lyman, Paralegal
16  Faulkner Law Offices, PLLC

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1   Robert K. Jones (State Bar #016228)
    Monica M. Ryden (State Bar #023986)
2   **JACKSON LEWIS P.C.**
3   2398 East Camelback Road, Suite 1060
    Phoenix, AZ 85016
4   Tel. (602) 714-7044
    Fax (602) 714-7045
5   JonesR@jacksonlewis.com
6   Monica.Ryden@jacksonlewis.com

7   Attorneys for Defendants

8   STATE OF ARIZONA

9   MARICOPA COUNTY SUPERIOR COURT

10  Treni Eliason, a married man,                Case No. CV 2016-016686

11              Plaintiff,                       ACCEPTANCE AND WAIVER
                                                      OF SERVICE
12      vs.

13  All My Sons Moving & Storage of
14  Phoenix, Inc., an Arizona Corporation,

15              Defendant.

16          Robert K. Jones, Esq., of Jackson Lewis, P.C., attorney for All My Sons

17  Moving & Storage of Phoenix, Inc. ("Defendant") in the above-captioned matter,

18  through his signature below, hereby acknowledges receipt, and accepts service, of the

19  following documents on behalf of Defendant:

20          1.      Summons;

21          2.      Complaint; and

22          3.      Certificate of Compulsory Arbitration.

23
            Defendant waives formal service of process and agrees that the Complaint may
24
    proceed against it as though it was personally served within the State of Arizona,
25
    except that Defendant is not required to serve an answer to the complaint until 60 days
26
    after the date on which the request for wavier of service was sent. *See* Ariz. R. Civ. P.
27
    4.2(d)(3). Plaintiff's counsel sent the request for waiver of service on November 21,
28
    2016. Accordingly, Defendant is not required to respond to Plaintiff's Complaint until

                                        - 1 -

1    January 20, 2017.

2            DATED this 30th day of November, 2016.

3                                    **JACKSON LEWIS, P.C.**

4

5                          By:

6                               Robert K. Jones
7                               Monica M. Ryden
                                Attorneys for Defendants
8

9

10

11

12   **COPY** of the foregoing mailed this
13   30th day of November, 2016 to:

14   Elizabeth A. Faulkner
15   Faulkner Law Offices, PLLC
     8687 East Via de Ventura, Suite 306
16   Scottsdale, AZ 85258
17   Attorneys for Plaintiff

18

19   4817-3701-5613, v. 1
20

21

22

23

24

25

26

27

28

EXHIBIT 6

Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
M. Cain, Deputy
1/12/2017 2:10:00 PM
Filing ID 8015343

**FAULKNER LAW OFFICES, PLLC**
Elizabeth A. Faulkner
8687 East Via de Ventura, Suite 306
Scottsdale, Arizona 85258
Telephone: (480) 951-1110
Facsimile: (480) 951-1116
SBN 013212
E-mail: elizabeth@faulknerlaw.net
*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| TRENI ELIASON, a married man, | Case No. CV2016-016686 |
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| vs. | **JURY DEMAND: Plaintiff demands a trial by jury.** |
| ALL MY SONS MOVING & STORAGE OF PHOENIX, INC., an Arizona Corporation, | |
| Defendant. | **(Assigned to the Honorable Daniel Kiley)** |

Plaintiff, Treni Eliason, hereby alleges as follows:

1.      Plaintiff, Treni Eliason, was at all times material hereto, a resident of Maricopa County, Arizona.

2.      Defendant, All My Sons Moving & Storage of Phoenix, Inc. ("All My Sons" or "the Company"), is, and at all times material herein was, an Arizona corporation, authorized to do and doing business throughout Arizona.

-1-

3.     Any and all acts alleged herein arose in Maricopa County, Arizona; venue and jurisdiction are appropriate.

4.     Plaintiff was employed as a manual labor employee by the Company from 2014 through November 1, 2016.  As a manual laborer, Plaintiff was responsible for providing packing and moving household belongings of customers of the Company as dictated by the Company, paid on an hourly rate.

5.     In exchange for his employment services, the Company promised and agreed to pay Plaintiff on an hourly basis and initially set the rate at $11, which after a few months increased to $12; approximately a year later the hourly rate increased to $13; and approximately a year after that and, in or about August 2016 it increased to $14.

6.     Throughout his employment at the Company, the Company as a matter of consistent practice paid Plaintiff nothing at all for numerous hours he was required to work.  The Company required Plaintiff as part of his job duties each work day to first report to the Company office to prepare the truck and complete required paperwork before driving the Company truck to the client's location.  The Company required that Plaintiff call in once he arrived at the customer's location and only then did the Company consider this "work time" for purposes of compensation. Similarly, after finishing the manual work at the customer's location and completing the requisite paperwork there, the Company required Plaintiff to call in, at which time the Company took Plaintiff "off the clock" for purposes of compensation despite the fact that Plaintiff was still at the customer's location and was required to drive the Company's moving

vehicle back to the Company office, clean up that vehicle and perform other mandatory work tasks including administrative work such as logging out of the computer. These end of the day, unpaid duties often took an additional 60 to 90 minutes. In combination, the pre- and post-move mandated duties averaged three hours each day, for which the Company failed to pay Plaintiff even a penny. Plaintiff owes Defendant his hourly rate or minimum wage for each unpaid hour worked.

7.   Throughout his employment, Plaintiff typically worked 15 hours, or more, a week performing required duties with Defendant's knowledge, approval, and at Defendant's demand, without any compensation at all.

8.   The Company at all times controlled scheduling for Plaintiff.

9.   Plaintiff never "agreed" to work without pay (nor would the law uphold such an arrangement). After filing this lawsuit the Company demanded Plaintiff, and, upon information, all employees similarly situated, sign a document "agreeing" to be paid only for certain hours worked. Plaintiff refused to sign such document, rejecting the Company's scheme to cheat him out of pay for hours worked, and continued to demand he be paid for all hours worked.

10.   Throughout his employment, Plaintiff questioned his pay as he did not believe he was being paid for all hours worked.

11.   On or about August 30, 2016, Plaintiff sought to file a claim for worker's compensation for a work-related injury. Despite a significant and visible injury, the Company informed Plaintiff that he could not file a worker's compensation claim. At other times when Plaintiff asked to file a claim, the Company refused to provide any

information relating to filing a worker's compensation claim and repeatedly denied his requests for information and assistance.  Eventually, in October 2016, Plaintiff, with outside help, filed a worker's compensation claim.

12.     On or about November 1, 2016, the Company fired Plaintiff claiming, pretextually, that Plaintiff had worked "side job(s) in violation of company policy".  On information and belief, no such policy exists, and no other employees have been fired for engaging in the alleged conduct.  On or about September 5, 2016, Plaintiff filed the original complaint in this lawsuit seeking.  Immediately upon filing that lawsuit, Plaintiff's supervisor confronted him, demanding to know why he had filed a lawsuit, stating that "he took it personally."  The Company removed Plaintiff from the work schedule that same day providing the specious reason of a so-called "seasonal downturn in work."  No one else was taken off the work schedule and never before had Plaintiff suffered reduced hours or work load due to a "seasonal downturn."  Not only were Plaintiff's hours cut immediately after he filed this lawsuit for unpaid wages, management also told his coworkers to "stay away from him as he was trouble."

13.     In addition to retaliating against Plaintiff as described in paragraph 12 above, on information and belief, the Company fired Plaintiff in retaliation for (1) filing this lawsuit seeking earned but unpaid wages; and (2) for filing a worker's compensation claim.

14.     Plaintiff demands a jury trial.

## COUNT ONE
## UNPAID WAGES, A.R.S. 23-353

15.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 14 above, as though each of said allegations were fully set forth herein.

16.    At all relevant times, Plaintiff was an employee performing services under the Arizona Wage Act, A.R.S. § 23-350, *et seq.*

17.    At all relevant times, Defendant was an employer employing Plaintiff under the Arizona Wage Act, A.R.S. § 23-350, *et seq.*

18.    Plaintiff, an hourly employee, worked numerous hours for the Company for which he was not paid.   The amount due from Defendant to Plaintiff for those unpaid hours worked qualify as wages under the Arizona Wage Act, A.R.S. § 23-350, *et seq.*

19.    Defendant violated A.R.S. §§ 23-352 and 23-353 by failing to timely pay Plaintiff any compensation for all hours worked, including waiting time, driving time to and from customer's locations and performing other administrative tasks as set forth above.

20.    Plaintiff is entitled to treble damages under A.R.S. §23-355 in an amount in excess of $10,000.00, according to proof.

21.    Plaintiff is entitled to recover his attorneys' fees and costs incurred herein pursuant to statute as this action arises out of contract.  A.R.S. §23-341.01.

## COUNT TWO
### BREACH OF CONTRACT

22.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 21 above, as though each of said allegations were fully set forth herein.

23.     In exchange for performing services for the Company, the Company promised to pay and Plaintiff agreed to accept a specific hourly rate for each hour he performed work for the Company.

24.     Throughout his employment, Plaintiff worked substantial hours most work weeks for which the Company failed to provide any compensation, in breach of its agreement.

25.     As a result of the Company's breach of said agreement, Plaintiff has been damaged in an amount to be proven at trial.

26.     As this action arises out of contract, Plaintiff is entitled to recover his attorney's fees and costs incurred herein pursuant to statute.

## COUNT THREE
### BREACH OF THE IMPLIED COVENANT OF
### GOOD FAITH AND FAIR DEALING

27.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 26 above as though each of said allegations were fully set forth herein.

28.     The Parties' employment agreement includes an implied duty of good faith and fair dealing.

29.     Defendant breached its duty of good faith and fair dealing under the employment agreement by refusing to pay Plaintiff his earned hourly rate for all hours he worked

30.     Defendant breached its duty of good faith and fair dealing under the employment agreement by intentionally failing to compensate Plaintiff as agreed.

31.     Defendant's conduct described above was wanton, reckless and/or shows spite or ill will and therefore justifies an award of punitive damages against Defendant.

32.     As a result of Defendant's breach of the duty of good faith and fair dealing, Plaintiff has suffered damages in an amount to be proven at trial.

33.     Plaintiff is entitled to recover his attorneys' fees and costs incurred herein pursuant to A.R.S. § 12-341.01.

## COUNT FOUR
### MINIMUM WAGE VIOLATIONS UNDER THE ARIZONA MINIMUM WAGE ACT

34.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 33 above as though each of said allegations were fully set forth herein.

35.     At all relevant times, Plaintiff was an employee under the Arizona Minimum Wage Act, A.R.S. § 23-363 *et seq.*

36.     At all relevant times, Defendant was Plaintiff's employer under the Arizona Minimum Wage Act, A.R.S. § 23-363 *et seq.*

37.     Defendant failed to pay Plaintiff the applicable minimum wage for all hours worked, as required by A.R.S. § 23-363 and implementing regulations.

38.     Defendant's conduct described above was willful.

39.     Pursuant to A.R.S. § 23-364, Plaintiff is entitled to recover the balance of the wages owed, including interest thereon, and an additional amount equal to twice the underpaid wages.

40.     Plaintiff is also entitled to recover his attorneys' fees and costs incurred herein pursuant to A.R.S. § 23-364.

### COUNT FIVE
### RETALIATION UNDER THE ARIZONA MINIMUM WAGE ACT

41.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 40 above, as though each of said allegations were fully set forth herein.

42.     At all relevant times, Plaintiff was an employee under A.R.S. § 23-363 *et seq.*

43.     At all relevant times, Defendant was Plaintiff's employer under the Arizona Minimum Wage Act, A.R.S. § 23-363 *et seq.*

44.     Defendant violated A.R.S. § 23-364 by terminating Plaintiff's employment in retaliation for asserting his claim or right under the Arizona Minimum Wage Act, for assisting any other person in doing so, and/or informing any person about their rights.

45.     As a direct result of Defendant's conduct described above, Plaintiff has suffered emotional distress, reputational harm, lost income in the form of past, present

and future wages and benefits, and other monetary and non-monetary benefits due to them.

46.     As a direct result of Defendant's conduct described above, Plaintiff is entitled to recover damages sufficient to compensate the employee for the harm suffered and deter future violations, but not less than one hundred fifty dollars for each day that the violation continued or until legal judgment is final.

47.     Plaintiff also is entitled to recover his attorneys' fees and costs incurred herein pursuant to A.R.S. § 23-364.

## COUNT SIX
### ARIZONA EMPLOYMENT PROTECTION ACT,
### A.R.S. § 23-1501(3) (C) (III)

48.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 47 above, as though each of said allegations were fully set forth herein.

49.     Upon information and belief, Plaintiff was terminated in retaliation for his repeated requests that his employer submit a worker's compensation claim for his work injury, and his ultimately submitting it on his own.  As set forth above, beginning August 30, 2016, he repeatedly asked his manager whether he could file for worker's compensation for his workplace injury; he was told no; once he in fact filed the claim on his own, he was terminated shortly thereafter based on pre-textual reasons.

50.     The actions of Defendants, in retaliating against Plaintiff for his repeated demands that his worker's compensation claim be filed, which ultimately led to his

1  termination, violated the EPA which specifically prohibits retaliation based on the

2  exercise of rights under the worker's compensation statutes.

3      51.    As a result of the wrongful actions of Defendants, Plaintiff suffered, and

4  continues to suffer, loss of salary and benefits of employment, emotional distress and

5  personal and professional humiliation.

6      52.    The actions of Defendants were conducted with wanton, reckless and/or

7  malicious intent entitling Plaintiff to an award of punitive damages.

8                          **COUNT SEVEN**
9            **MINIMUM WAGE VIOLATIONS UNDER**
            **THE FAIR LABOR STANDARDS ACT**
10

11      53.    Plaintiff hereby incorporates by reference the allegations contained in

12  paragraphs 1 through 52 above, as though each of said allegations were fully set forth

13  herein.

14      54.    At all relevant times, Defendant was an employer covered under the Fair

15  Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, except as to an exception for

16  overtime, pursuant to the Motor Carrier Act.

17      55.    At all relevant times, Plaintiff was an employee covered under the FLSA,

18  except as to overtime.

19

20      56.    Defendant failed to pay Plaintiff the applicable minimum wage for all

21  hours worked in violation of the FLSA.

22      57.    Defendant's conduct described above was willful.

23      58.    Plaintiff is entitled to recover his unpaid minimum wages due and an

24  equal amount as liquidated damages.

59.     Plaintiff is entitled to recover his attorneys' fees incurred herein pursuant to 29 U.S.C. § 216.

## COUNT EIGHT
## RETALIATION UNDER THE FAIR LABOR STANDARDS ACT

60.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 59 above, as though each of said allegations were fully set forth herein.

61.     At all relevant time, Defendant was an employer covered under the FLSA, except its overtime provisions, pursuant to the Motor Carrier Act.

62.     At all relevant times, Plaintiff was an employee covered under the FLSA, except its overtime provisions, pursuant to the Motor Carrier Act.

63.     Defendant terminated Plaintiff's employment because he engaged in protected activity by reporting violations of the FLSA, as set forth above.

64.     Defendant's conduct described above was willful.

65.     As a direct result of Defendant's conduct described above, Plaintiff has suffered emotional distress, reputational harm, lost income in the form of past, present and future wages and benefits and other monetary and non-monetary benefits due him.

66.     As a direct result of Defendant's conduct described above, Plaintiff seeks recovery of damages in an amount to be proven at trial including damages for economic loss and compensatory damages for pain and suffering, emotional distress, harm to reputation and other losses.

67.     Plaintiff's claims arise under the FLSA, and he is therefore entitled to recover his attorneys' fees incurred herein pursuant to 29 U.S.C. § 216.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court enter judgment for Plaintiff, Treni Eliason, against Defendant, All My Sons Moving & Storage of Phoenix, Inc., as follows:

A.     That this Court award Plaintiff damages for all hours worked over the course of his employment for which he was not compensated at all in breach of his employment agreement at his regular hourly rate;

B.      That this Court award Plaintiff treble damages under A.R.S. § 23-355 based on the judgment as set forth in paragraph A above;

C.      That this Court award Plaintiff unpaid minimum wages to be proven at trial;

D.      That this Court award Plaintiff the greater of statutory damages under A.R.S. § 23-364(G) or compensatory damages for lost back wages, lost front wages, other economic losses, pain and suffering, emotional distress, harm to reputation and other losses incurred by Plaintiff as a result of Defendant's conduct;

E.      That this Court award Plaintiff his court costs, related expenses and reasonable attorneys' fees herein incurred, pursuant to the Arizona statute;

F.      That this Court award Plaintiff pre-judgment and post-judgment interest on the amounts set forth in paragraphs A, and B above, at the highest rate permitted by law;

G.      That this Court award Plaintiff punitive damages in an amount to deter defendant from engaging in this conduct again; and

H.     That this Court grant such other and further relief as this Court may deem just and proper.

**RESPECTFULLY SUBMITTED** this 12th day of January, 2017.

**FAULKNER LAW OFFICES, PLLC**


By: ___/s/ Elizabeth Faulkner___
Elizabeth A. Faulkner
Shirley A. Kaufman
*Attorneys for Plaintiff*


**ORIGINAL** of the foregoing **E-FILED**
this 12th day of January, 2017, with:

Clerk, Maricopa County Superior Court


**COPY** of the foregoing to be emailed
this 12th day of January, 2017, to:

The Honorable Daniel Kiley
c/o Maricopa County Superior Court


**COPY** of the foregoing to be emailed/mailed
this 12th day of January, 2017, to:

Robert K. Jones, Esq.
JACKSON LEWIS, P.C.
2398 East Camelback Road, Suite 1060
Phoenix, AZ 85016
JonesR@jacksonlewis.com
*Attorneys for Defendant*


By: ___/s/ Meg Lyman___
Meg Lyman, Paralegal
Faulkner Law Offices, PLLC